UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSA L. McNEIL, INDIVIDUALLY, and as ADMINISTRATIRIX of the ESTATE of MARRIE LINDA McNEIL, : : : : Plaintiff : v. : : : COMMONWEALTH OF PENNSYLVANIA, ET AL., : : : Defendants : | CIVIL NO. 3:CV-05-925 (Judge Conaboy) |

_____

**MEMORANDUM**
**Background**

Rosa L. McNeil (Plaintiff) filed this civil rights action regarding the death of her daughter, Marrie Linda McNeil (Decedent).[1] At the time of her death, the Decedent was a prisoner confined at the State Correctional Institution, Muncy, Pennsylvania (SCI-Muncy). This matter was transferred to this Court from the United States District Court for the Eastern District of Pennsylvania.

By Memorandum and Order dated January 20, 2006, this Court granted dismissal in favor of Defendants Commonwealth of Pennsylvania; the Pennsylvania Department of Corrections ("DOC") and SCI-Muncy with respect to the Plaintiff's federal claims.

---

[1] Plaintiff also asserts pendent state law tort claims against the Defendants.

1

The remaining Defendants include the DOC's legal counsel Randall N. Sears, Esq. and six (6) SCI-Muncy employees: Superintendent Martin L. Dragovitch; Deputy Superintendent David Patton; Health Care Coordinator Kathryn McCarty; Counselor Sue Hartman; Correctional Officer Kelly Miller; and Unit Manager Al Smith, III. Other remaining Defendants are Wexford Health Sources, Inc. and the following Wexford employees: Craig Bardell, M.D., David H. Martin, P.A., John W. Nelms, D.D.S. and six (6) John/Jane Doe nurses; the Lycoming County Coroner's Office and Deputy Coroner Charles Kesling, R.N.

Presently pending is a motion for summary judgment filed by Defendants Lycoming County Coroner's Office and Coroner Charles Kiessling, R.N. See Doc. 30. The moving Defendants thereafter submitted a supplement wherein they noted that Plaintiff failed to file an opposing brief to their motion or a counter statement of material facts. See Doc. 34. A review of the docket confirms that neither an opposing brief nor a counter statement of material facts have been submitted by the Plaintiff.[2] Accordingly, the motion will be deemed unopposed. See M.D. Pa. Local Rule 7.6.

According to the complaint, the 42 year old Decedent was found dead in an SCI-Muncy holding cell on the morning of July 4, 2002 due to "willful, wanton and criminally negligent medical

---

[2] It is noted that Plaintiff is represented by counsel.

2

care." Doc. 1, ¶ 4. The Decedent had been confined at SCI-Muncy for approximately 5 years and was "relatively healthy." Id. at ¶ 29.

The relevant portion of the complaint sets forth allegations that the moving Defendants were part of a conspiracy which attempted to conceal the details surrounding Inmate McNeil's death. Plaintiff claims that Defendant Kiessling performed the autopsy and then issued a death certificate "listing no cause of death, pending completion of autopsy." Doc. 1, ¶ 78.

The complaint next contends that Plaintiff's family was told that her daughter's death was caused by a heart attack and that their requests for "necessary documents, medical reports, and autopsy reports" were denied. Id. at ¶ 83. As relief, Plaintiff seeks compensatory and punitive damages based on the alleged violations of the Decedent's constitutional rights.

## Discussion

**Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

3

> showing sufficient to establish the existence of an
> element essential to that party's case, and on which
> that party will bear the burden of proof at trial.  In
> such a situation, there can be "no genuine issue as to
> any material fact," since a complete failure of proof
> concerning an essential element of the nonmoving
> party's case necessarily renders all other facts
> immaterial.  The moving party is "entitled to a
> judgment as a matter of law" because the nonmoving
> party has failed to make a sufficient showing on an
> essential element of her case with respect to which
> she has the burden of proof.  "[T]he standard [for
> granting summary judgment] mirrors the standard for a
> directed verdict under Federal Rule of Civil Procedure
> 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  Celotex, supra, 106 S.Ct. at 2553 and 2554.  Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment.  Id. In evaluating a motion for summary judgment, the entire record

must be examined in the light most favorable to the nonmoving party.

**Defendant Coroner's Office**

The initial argument raised by the moving Defendants is that the Lycoming County Coroner's Office is entitled to summary judgment because the claims asserted against said Defendant are solely premised on a theory of respondeat superior.

A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims also cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through

>                    allegations of personal direction or of actual
>                    knowledge and acquiescence.

Rode, 845 F.2d at 1207.

A coroner's office is a sub-unit of local government and is generally not a person subject to suit under § 1983. E.g., Irvin v. Borough of Darby, 937 F. Supp. 446, 450 (E.D. Pa. 1996); DiNicola v. DiPaolo, 945 F. Supp. 848, 864 (W.D. Pa. 1996); Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825 (D.N.J. 1993).

However, a municipal body or other local governmental unit, not part of a state for Eleventh Amendment purposes, is a "person" subject to suit under 42 U.S.C. § 1983. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978)("Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.") "Local governing bodies, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. See also Board of County Comm'rs of Bryan County, OK v. Brown, 520 U.S. 398, 403-07 (1997); Roman v. Jeffes, 904 F.2d 192, 196-97 (3d Cir. 1990); Illiano v. Clay Township, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

However, it has been repeatedly held that a municipality may not be subjected to § 1983 liability on a theory of <u>respondeat</u> <u>superior</u>. <u>Bryan County</u>, 520 U.S. at 403; <u>City of Canton v. Harris</u>, 489 U.S. 378, 392 (1989); <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 478-79 (1986); <u>Monell</u>, 436 U.S. at 691; <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996); <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1480 (3d Cir. 1990). Rather, "... a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." <u>Bryan County</u>, 520 U.S. at 403; <u>Beck</u>, 89 F.3d at 971. In <u>Bryan County</u>, the United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating:

> . . . [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

<u>Id</u>. at 404; <u>see</u> <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1213 (3d Cir. 1996).

The United States Court of Appeals for the Third Circuit has held that a municipality can be held liable under § 1983 "only when 'execution of a government's policy or custom,

7

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Andrews, 895 F.2d at 1480 (citing Monell, 436 U.S. at 694).[3]

A review of the present complaint establishes that Plaintiff has not set forth any claim that Inmate McNeil's constitutional rights were violated as the result of any Lycoming County Coroner's Office policy or custom. Consequently, the Coroner's Office's request for entry of summary judgment will be granted.

**Coroner Kiessling**

It is next asserted that Defendant Kiessling is entitled to summary judgment because the complaint fails to set forth a viable claim of conspiracy. As previously noted, Plaintiff

---

[3] There are two ways in which a governmental policy or custom is established:
> Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict. Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299, 89 L. Ed. 2d 452 (1986). A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law. Monell, 436 U.S. at 690, 98 S. Ct. at 2035 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68, 90 S. Ct. 1598, 1613-14, 26 L. Ed. 2d 142 (1970)). Accord Anela v. City of Wildwood, 790 F.2d 1063, 1067 (3d Cir. 1986).

8

seeks relief under 42 U.S.C. § 1985 on the grounds that Coroner Kiessling was part of a conspiracy to cover up the circumstances surrounding Inmate McNeil's death.[4] The complaint indicates that Coroner Kiessling denied requests by members of Decedent's for copies of the Decedent's medical and autopsy reports. It is also alleged that the moving Defendants retained the Decedent's heart and failed to provide the inmate's family with a copy of the amended death certificate.

Five elements must be alleged to state a § 1985 claim: (1) a conspiracy by the defendants, (2) designed to deprive a plaintiff of the equal protections of the laws, (3) the commission of an overt act in furtherance of that conspiracy, (4) a resultant injury to person or property or a deprivation of any right or privilege of citizens, and (5) defendant's actions were motivated by racial or otherwise class-based invidiously discriminatory animus. United Brotherhood of Carpenters, Local 610 v. Scott, 463 U.S. 825, 830 (1983).

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Court of

---

[4] There are no allegations that the Coroner had any personal involvement with respect to the constitutional misconduct which allegedly caused the death of the Decedent.

9

Appeals for the Third Circuit has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations." <u>Rose</u>, 871 F.2d at 366.  Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." <u>Shearin v. E.F. Hutton Group, Inc.</u>, 885 F.2d 1162, 1166 (3d Cir. 1989).

    The essence of a conspiracy is an agreement or concerted action between individuals.  <u>See</u> <u>D.R. by L.R.</u>, 972 F.2d at 1377; <u>Durre</u>, 869 F.2d at 545.  Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right.  <u>Id</u>.; <u>Rose</u>, 871 F.2d at 366; <u>Young v. Kann</u>, 926 F.2d 1396 1405 n.16; <u>Chicarelli v. Plymouth Garden Apartments</u>, 551 F. Supp. 532, 539 (E.D. Pa. 1982).  Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity.  <u>Deck v. Leftridge</u>, 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff cannot rely on subjective suspicions and unsupported speculation.  <u>Young</u>, 926 F.2d at 1405 n.16 (3d Cir. 1991).

    The following facts are undisputed.  Kiessling was the duly elected Coroner of Lycoming County and a Registered Nurse.

10

Since the moving Defendant was not a physician, he was not licensed to perform autopsies within the Commonwealth of Pennsylvania. Inmate McNeil was found dead on the morning of July 4, 2002. Later that same day, Coroner Kiessling went to the prison where he initiated an investigation along with two members of the Pennsylvania State Police. As part of his investigative effort, Kiessling obtained the Decedent's medical history from prison officials and made arrangements for an autopsy to be conducted by a local pathologist, Daniel E. Hill, M.D.

The following day, Kiessling attended but did not participate in the autopsy. Upon completion of the autopsy, Doctor Hill made a verbal preliminary finding to Coroner Kiessling that the prisoner's death was caused by arrhythmia with marked pulmonary congestion and pulmonary edema. However, Doctor Hill concluded that further testing should be performed in order to confirm the preliminary findings.

On July 7, 2002, the Coroner issued a partially completed preliminary death certificate in order to allow the Decedent's family to obtain a burial permit. The certificate noted that the autopsy was pending. Defendant Kiessling did not retain the Decedent's heart and has no independent knowledge as to whether Doctor Hill retained the heart for the purpose of performing additional testing.

After the pathologist issued a written autopsy report in

October, 2002, Kiessling completed a Coroner's Report and issued a final Certificate of Death. The autopsy and Coroner's reports as well as the Decedent's preliminary and final death certificate are public documents, copies of which are available upon request.[5]

The fifth prong of <u>United Brotherhood</u> by itself is dispositive of Plaintiff's present § 1985 conspiracy claim as none of her allegations suggest that Defendant Kiessling's alleged actions were motivated by a racial or otherwise class-based invidiously discriminatory animus. Furthermore, the Plaintiff's assertions do not satisfy the pleading requirements of <u>Rose</u>, <u>Deck</u>, and <u>Young</u>. Specifically, there are no averments of fact in the complaint that reasonably suggest the presence of an agreement or concerted activity between Coroner Kiessling and any of the other Defendants to violate Plaintiff's civil rights On the contrary, the undisputed facts fail to establish the existence of any unconstitutional actions by the Coroner. Accordingly, summary judgment will be entered in favor of Defendant Kiessling.

**Pendent Jurisdiction**

It has long been recognized that federal courts have jurisdiction over state claims which are related to the federal

---

[5] It is noted that the answer filed by the Moving Defendants included copies of the final Certificate of Death, the Autopsy Report and a letter dated October 30, 2002 indicating that a copy of the final certificate of death was mailed to the funeral home which handled Decedent's burial arrangemenmts. <u>See</u> Doc. 14.

12

claims and result from a common nucleus of operative facts.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

28 U.S.C. § 1367(c)(3) (1997) provides that a district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction.  Once the basis for federal jurisdiction disappears, a district court should only exercise its discretion to entertain pendent claims if extraordinary circumstances exist.  New Jersey Department of Enviromental Protection v. Glouchester Enviromental Management, 719 F. Supp. 325, 337 (D. N.J.  1989).

A decision as to whether this Court should exercise jurisdiction over the state law tort claims against the moving will be held in abeyance pending resolution of all other dispositive motions.  In conclusion, summary judgment will be entered in favor of Defendants Coroner's Office and Coroner Kiessling with respect to Plaintiff's federal claims.  An appropriate Order will enter.


                                         S/Richard P. Conaboy
                                         RICHARD P. CONABOY
                                         UNITED STATES DISTRICT JUDGE


DATED: MARCH 10, 2006

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROSa L. McNEIL, INDIVIDUALLY,             :
and as ADMINISTRATIRIX of the             :
ESTATE of MARRIE LINDA McNEIL,            :
                                          :
        Plaintiff                         :
    v.                                    :    CIVIL NO. 3:CV-05-925
                                          :
                                          :    (Judge Conaboy)
COMMONWEALTH OF PENNSYLVANIA,             :
ET AL.,                                   :
                                          :
        Defendants                        :
_____

## ORDER

    ACCORDINGLY, THIS 10th DAY OF MARCH, 2006, IT IS HEREBY ORDERED THAT:

    1.  Defendants Coroner's Office and Kiessling's motion for summary judgment (Doc. 30) is granted in part.

    2.  Summary judgment is granted in favor of Defendants Lycoming County Coroner's Office and Coroner Charles Kiessling, R.N. with respect to Plaintiff's federal claims.

    3.  The remaining Defendants include Wexford Health Sources, and the following Wexford

       employees, Craig Bardell, M.D., David H. Martin, P.A., John W. Nelms, P.A and six (6) unidentified nurses (hereinafter the Wexford Defendants).  Other remaining Defendants are DOC's legal counsel Randall Sears, Esq., and six (6) SCI-Muncy employees.

3.   Following disposition of the Wexford Defendants' pending motion to dismiss, a case management conference will be scheduled.

       <u>S/Richard P. Conaboy</u>

       RICHARD P. CONABOY
       UNITED STATES DISTRICT JUDGE