```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA


ROSA L. McNEIL, INDIVIDUALLY,    :
and as ADMINISTRATIRIX of the    :
ESTATE of MARRIE LINDA McNEIL,   :
                                 :
         Plaintiff               :
    v.                           :    CIVIL NO. 3:CV-05-925
                                 :
                                 :    (Judge Conaboy)
COMMONWEALTH OF PENNSYLVANIA,    :
ET AL.,                          :
                                 :
         Defendants              :
```
_____

## MEMORANDUM
### Background

We consider here a Motion to Dismiss for failure to prosecute this case and failure of the Plaintiff, through counsel, to comply with Court orders and appropriate rules of procedure.

There are serious allegations advanced in this case, and we are hesitant to dismiss it on procedural grounds.  But, we must also meticulously consider Defendants' rights, and cannot condone complete failure to respond to Court orders and the appropriate rules of procedure.  We have extended every courtesy and consideration and offer of help to the Plaintiff and to Counsel to no avail.

Rosa L. McNeil (Plaintiff) filed this civil rights action regarding the death of her daughter, Marrie Linda McNeil

1

(Decedent).[1]  The 42 year old Decedent was found dead in a holding cell at the State Correctional Institution, Muncy, Pennsylvania (SCI-Muncy) on the morning of July 4, 2002.

By Memorandum and Order dated January 20, 2006, this Court granted a motion to dismiss the federal claims asserted against Defendants Commonwealth of Pennsylvania; the Pennsylvania Department of Corrections ("DOC"); and SCI-Muncy.  On March 10, 2006, an unopposed summary judgment motion was granted in favor of Defendants Lycoming County Coroner's Office and Coroner Charles Kiessling, R.N. with respect to the Plaintiff's federal claims.

Defendants Wexford Health Sources, Inc. and two (2) Wexford employees, Craig Bardell, M.D. and David H. Martin, P.A. (hereinafter the Wexford Defendants) responded to the complaint by filing a motion (Doc. 10) to dismiss several allegations of the Plaintiff's complaint.  Their motion sought dismissal of any and all demands for punitive damages, attorney fees, and Count VII of the complaint for Plaintiff's failure to file a Certificate of Merit.

On October 17, 2005 the Wexford Defendants filed a second motion (Doc. 36) to dismiss. The Wexford Defendants argued that Counts V, VI, and VII of the complaint should be dismissed with

---

[1] Plaintiff also asserts pendent state law tort claims against the Defendants.

prejudice due to the Plaintiff's failure to file a Certificate of Merit as required by Pennsylvania Rule of Civil Procedure 1042.3.

On January 31, 2006, the Wexford Defendants filed a supplemental motion (Doc. 39) to dismiss the complaint on the grounds that Defendant Wexford Health Sources, Inc. was immune from suit under the Eleventh Amendment

By Memorandum and Order dated March 21, 2006, the Wexford Defendants' initially filed motion (Doc. 10) to dismiss the complaint was denied. Specifically, the request for dismissal of any and all of the Plaintiff's requests for attorney's fees and their remaining argument for dismissal of Count VII (medical malpractice) of the complaint were denied.

By Memorandum and Order dated July 25, 2006, the Wexford Defendants' second motion (Doc. 36) to dismiss was partially granted.[2] Specifically, dismissal was entered in favor of the Wexford Defendants with respect to the state law claims that the Wexford Defendants, who are licensed professionals, deviated from an acceptable standard of professional care as alleged in Counts V, VI, and VII of the complaint.

By Memorandum and Order dated August 29, 2006, the Wexford Defendants' supplemental motion (Doc. 39) to dismiss the claims against Defendant Wexford Health Sources, Inc. under the

---

[2] It is noted that on June 9, 2005, this Court issued an Order directing Plaintiff to file a response to the Wexford Defendants' motion for partial dismissal. See Doc. 18.

Eleventh Amendment was denied.

In addition to the aforementioned motions to dismiss, the Wexford Defendants filed a motion for summary judgment and a statement of material facts on July 3, 2006.  <u>See</u> Docs. 49 & 50.  A brief in support of said motion was timely submitted on July 13, 2006.  Once again, the Plaintiff failed to file an opposing brief.

In an attempt to bring some order into this case, the Court convened a Case Management Conference on August 2, 2006.  On that same date (August 2, 2006) the Wexford Defendants filed a motion for involuntary dismissal (Doc. 58) for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The motion was properly briefed by the moving Defendants on August 16, 2006 (Doc. 61).

As a result of the Case Management Conference, this Court issued an Order dated August 2, 2006 which in part, reiterated that the Plaintiff had neglected to file an opposing brief.  <u>See</u> Doc. 60, ¶ C(2).

On September 1, 2006, the Wexford Defendants filed a supplemental motion (Doc. 62) for involuntary dismissal and supporting brief seeking entry of dismissal on the grounds that Plaintiff had likewise failed to submit an opposing brief to their motion for involuntary dismissal.  <u>See</u> Doc. 62.

In a letter (Doc. 66) addressed to this Court, which was dated and filed October 9, 2006, the Wexford Defendants stated

4

that Plaintiff had failed to actively prosecute this matter or participate in the discovery process. See Doc. 66.  The letter added that Plaintiff had also neglected to timely oppose their supplemental motion for involuntary dismissal.

## Discussion

As previously noted, the Wexford Defendants have filed two (2) motions seeking involuntary dismissal of Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b).  Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, under Rule 41(b).  See Link v. Wabash Railroad Co. 370 U.S. 626, 629 (1962); Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)(failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject

5

to dismissal without a merits analysis).

In Poulis, the Third Circuit Court of Appeals instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

A review of the record shows that to date, Plaintiff has not filed opposing briefs to any of the three (3) pending dispositive motions filed by the Wexford Defendants. As evidenced by this Court's Orders of June 9, 2005 and March 10, 2006 (which granted an unopposed summary judgment motion) the Plaintiff has been made well aware of his responsibility to submit an opposing brief to any pre-trial motion as well as the consequences for failure to do so.

It is also noted that during the August 2, 2006 Case Management Conference held in this matter Plaintiff's counsel was reminded by the Court of his obligation to comply with all deadlines. The written Order issued as a result of that Case Management Conference likewise reiterated that the Plaintiff had

the obligation of filing an opposing brief to the pending dispositive motion which adhered to the Local Rules of Court. See Doc. 60.

In the present case, there has been a prolonged, unexplained failure to respond by the Plaintiff to any of the Wexford Defendants' three (3) pending dispositive motions. Despite repeated opportunities including verbal and written warnings by this Court, Plaintiff has neither filed opposing briefs nor sought additional time in which to do so. Although this Court has been extremely lenient with the Plaintiff, the rights of the Wexford Defendants must be considered.

An application of the Poulis factors to the repeated failure of the Plaintiff to respond to pre-trial motions, and comply with Court orders and the appropriate rules of procedure weighs in favor of dismissal. The Plaintiff's continued lack of response over a prolonged period of time, in spite of numerous warnings from this Court, to the Wexford Defendants' three (3) pending motions as well as this Court's August 2, 2006 Order is deemed a failure to prosecute. The Wexford Defendants' pending motions for involuntary dismissal under Rule 41(b) are hereby granted. Dismissal, with prejudice, is entered in favor of the Wexford Defendants.

**Pendent Jurisdiction**

It has long been recognized that federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

28 U.S.C. § 1367(c)(3) (1997) provides that a district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction.  Once the basis for federal jurisdiction disappears, a district court should only exercise its discretion to entertain pendent claims if extraordinary circumstances exist.  <u>New Jersey Department of Enviromental Protection v. Glouchester Enviromental Management</u>, 719 F. Supp. 325, 337 (D. N.J. 1989).

As a result of this Court's determination that the federal constitutional claims asserted against all Defendants are subject to dismissal, it will not exercise jurisdiction over Plaintiff's pendent state law claims against the Defendants pursuant to § 1367(c).  An appropriate Order will enter.


       <u>S/Richard P. Conaboy</u>
       RICHARD P. CONABOY
       United States District Judge


DATED: JANUARY 26 , 2007

```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

ROSA L. McNEIL, INDIVIDUALLY,    :
and as ADMINISTRATIRIX of the    :
ESTATE of MARRIE LINDA McNEIL,   :
                                 :
        Plaintiff                :
    v.                           :  CIVIL NO. 3:CV-05-925
                                 :
                                 :  (Judge Conaboy)
COMMONWEALTH OF PENNSYLVANIA,    :
ET AL.,                          :
                                 :
        Defendants               :
```
_____

**ORDER**

AND NOW THIS 26th DAY OF JANUARY, 2007, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The Wexford Defendants' motions for involuntary dismissal (Docs. 58 & 62) are granted.

2. In accordance with Federal Rule of Civil Procedure 41(b), Plaintiff's remaining claims against the Wexford Defendants are hereby dismissed, with prejudice.

3. The Wexford Defendants' motion for summary judgment (Doc. 49) is dismissed as moot.

4. Jurisdiction is declined over the Plaintiff's pendent state law tort claims.  See 28 U.S.C. § 1367(c).

                               S/Richard P. Conaboy
                               Richard P. Conaboy
                               United States District Judge